(Court of Common Pleas, Lucas County, O.)

CHARLES E. TUALL v. THE BOARD OF COMMISSIONERS OF LUCAS CO., O.

*Sheriff's fees*—Fees for committing and discharging prisoners, for attending insane prisoners in probate court, and for conveyance of same.

MORRIS, J.

The plaintiff brings this action to recover from defendants the sum of $33.50, on account of services rendered, and expenses incurred by him as sheriff of Lucas county, between the 1st day of November, 1895, and the 31st day of December, 1895, the items of which claim are specifically set forth in a copy of account attached to the petition.

This account was presented to the defendant for payment, which was refused; and defendant now demurs to certain items of this account for the reason that the charges are illegal, and are not allowable or payable óut of the county treasury.

It is the law of this state, as announced in the case of Debolt v. The Trustees of Cincinnati Township, 7 Ohio St. 237, that:

"No officer, whose compensation is regulated by fees, can charge for a particular service unless the law specifically gives him fees for that service." And, as stated by the court in the case of Anderson v. The Board of Commissioners of Jefferson County (25 Ohio St. 13): "When a service for the benefit of the public is required by law, and no provision for its payment is made, it must be regarded as gratuitous, and no claim for compensation can be enforced."

The office of sheriff being one in which the compensation is regulated by fees, in determining the legality of the items of the plaintiff's account to which defendants demur, it will be only necessary for us to consult,

construe and apply the statutes of the state. The provision there made is final. If a service is required of the sheriff, whether such service requires an expenditure of money on his part or not, and no provision is made for compensation or reimbursement, it is conclusively held to be performed gratuitously; and compensation or reimbursement by the Board of County Commissioners from the public treasury would be illegal; and the money sc paid could be recovered by action against the party so paid. Jones, Auditor v. Board of County Commissioners, 11 C. C. 136.

The sheriff seeks to recover in this action, the following disputed items:

First—"Jail fees," so-called, being a charge of $1.00 each—50 cents for committing, and 50 cents for discharging—seven prisoners, three of whom were convicted and sentenced to be confined in the Toledo Workhouse, one was sent to the asylum for the insane, and three were discharged by the court.

Second—A charge of 50 cents for attending an insane prisoner before the probate court.

Third—A charge of $4.50 for conveying an insane prisoner—being $1.50 for conveying to court under warrant of arrest, and $3.00 for conveyance, under warrant, committing to the asylum.

Fourth—A charge of $4.00 for conveyance of insane person arrested and taken before the probate court under warrant, and by order of that court, committed to the County Infirmary.

The Board of County Commissioners insist that these charges are all illegal, and for that reason, have refused to pay the sheriff's claim.

Sec. 1230b, Rev. Stat., as passed April 13, 1892, to supplement sec. 1230, Rev. Stat. (89 O. L. 269), provides that: "In all counties which, at the last preceding federal census had a population of 22,500 or more, and for which there is no provision made for the payment of the sheriff, he shall receive the following fees and compensation:

"For the service of every writ of summons, 25 cents each; committing to prison or discharging therefrom, 50 cents; attending before judge of court, 50 cents, to be paid by the county unless upon a conviction, in which case it shall be taxed in the cost-bill and paid by the state."

Now it is conceded that if the sheriff is entitled to be paid jail fees and a fee for attending an insane prisoner before the probate judge, the authority for such payment must be found in that part of the statute just quoted. To determine the first two questions presented on the demurrer, therefore requires a construction of this statute.

The act providing for this supplemental section was passed to amend supplemental sec. 1230a, passed May 4, 1891 (88 O. L. 578) which is repealed by sec. 2 of this act.

That part of supplemental sec. 1230a, providing jail fees for the sheriff, reads as follows:

"Committing to prison or discharging therefrom, 60 cents; attending a person before a judge or court, 60 cents," etc.

The amendment reads:

"Committing to prison or discharging therefrom, 50 cents; attending before judge or court, 50 cents, to be paid by the county unless upon a conviction, in which case it shall be taxed in the cost-bill and paid by the state."

Since the clause providing a fee for committing to prison or discharging therefrom is separated by a semicolon from the clause providing a fee of 50 cents for attending before judge or court, and since these clauses stand in a series, separated from each other by semicolons, there would

seem to be but one construction, and that is: that only the sum which the sheriff shall receive for attending before a judge or court, 50 cents, is to be paid by the county, unless upon a conviction, in which case it shall be taxed in the cost bill, and paid by the state.

In the original act providing for fees for county officers in civil and criminal cases, passed March 5, 1837, 3 Chase Stat. 1770, it was provided that: "Sheriffs shall be allowed the following fees: 'For committing to prison, or discharging therefrom, or attending a person before a judge or court, 30 cents; for serving a writ of possession,'" etc., the fees for particular services being set forth in clauses separated by semicolons, as now.

This act was amended in 1837 (S. & C., p. 631), and that again in 1865 (S. & S., p. 364), as to the amount of compensation allowed, and in other respects but the clause providing for committing to prison or discharging therefrom or attending before a judge or court, stood with its three branches connected by the disjunctive "or" until the revision of 1880— when the disjunctive conjunction was dropped, and the amount of the fee for committing to prison and discharging therefrom was inserted, followed by a semicolon, leaving the part thus cut off, viz: "Attending a person before judge or court, 60 cents," a distinct subject; and such it now is in supplemental sec. 1230b, under which plaintiff claims the right to recover.

The construction contended for would require us to hold the intention of the legislature to be different from the plain provision of the statute. There is no rule of construction that will allow us to run counter to the clearly expressed language of the law. The contention of the plaintiff is, that the fees provided, not only for attending before a judge or court, but jail fees as well, when there is not a conviction of a felony, should be paid by the county. And it is urged by the sheriff (in a brief submitted by him in person) that unless this is done, and jail fees are paid by the county "the sheriff would be unable to get any such fees for admitting and discharging prisoners in hundreds of cases," and the sheriff would be required to do this work for nothing—a quite preposterous state of affairs to any beneficiary of the fee system.

But, is it true that no compensation is provided by law for such cases?

Sec. 1231, Rev. Stat., is as follows:

"The court of common pleas in each county shall make an allowance of not more than three hundred dollars per annum for the sheriff, for services in criminal cases, when the state fails to convict, or the defendants prove insolvent, and for other services not particularly provided for, to be paid out of the county treasury."

This section, by its express terms, would seem to have been framed to provide compensation such as is sought by the sheriff in this action. That such is not only its scope, but is also its purpose, is placed beyond cavil by a comparison of this section with sec. 3 of the act of March 17, 1867 (S. & S. Stat., p. 366), which the present section amends. That section reads as follows:

"Sec. 3. In all criminal cases, wherein the state fails to convict, or the defendants convicted prove insolvent, and in all other cases not particularly provided for, the sheriff shall receive, for his official services rendered therein, the same fees as are allowed him for like services in other cases, to be paid out of the county treasury on the order of the county auditor, which shall issue on the certificate of the clerk of the court of common pleas, approved by the judge of said court, and on a like certificate of the probate judge, in any county where the probate court has jurisdiction in minor criminal cases; provided that in no one year shall such fees exceed three hundred dollars."

Under that act, the sheriff was required to present to the court of common pleas, itemized bills of his fees in cases such as those specified in this action, and such bills when approved by the court, were paid out of the county treasury, provided: they did not exceed the sum of three hundred dollars in any one year.

The revision of this section, and its enactment in the form of sec. 1231, Rev. Stat., changes neither the purpose nor scope of the former section. The limit to the sheriff's compensation remains the same, and the method of arriving at it only is changed. This is now left with the court.

I think it perfectly clear therefore, that the charge for jail fees in plaintiff's claim, cannot be sustained. The sheriff can receive legal compensation for such services only under the allowance provided in sec. 1231.

The charge of 50 cents for attending an insane person before the probate court, is a proper charge under supplemental sec. 1230b, which provides that this sum shall be paid the sheriff by the county for attending before a judge or court "unless upon a conviction, in which case it shall be taxed in the cost-bill and paid by the state."

In respect to the charge which the sheriff makes for the conveyance of insane persons held by him under a warrant from the probate court, and conveyed by the sheriff to court, to the asylum or to the County Infirmary, as the case may be, it is not claimed that there is any specific provision made by law by which this can be paid for out of the county treasury.

Sec. 716, Rev. Stat., as amended April 8, 1892 (89 O. L. 241), provides certain costs and fees for the sheriff and other officers connected with inquests of insanity, and "to the sheriff for himself or assistant, or any other person than the assistant, for taking an insane person to the asylum, or reconveyance therefrom, upon the warrant of the probate judge, mileage at the rate of ten cents per mile, going and returning, and 75 cents per day for the support of each patient on his journey to or from the asylum, and nothing more for said services. Provided, that in counties containing a city of the first class, second grade, when it appears necessary to the sheriff," etc., he shall be authorized to provide a conveyance for such patient, and the costs of same shall be taxed and paid as other costs in the case."

It thus appears, that this statute, while specifically allowing a charge for conveyance to the asylum in Cuyahoga county, does not provide for a charge for such conveyance in any other county of the state in any case where such expenditure be needful prior to or after an order of court committing a person to the asylum for the insane, or to the County Infirmary.

The fact that the statute, as amended, assumes to specifically authorize the sheriff of Cuyahoga county to make the charge for conveyance, and receive pay therefor from the county, amounts to a declaration that such charge is illegal in every other county of the state.

It is contended in argument, and the claim of the sheriff is, that such expenditure in these cases is necessary in order for the proper and decent conveyance of insane patients, and that the sheriff's office being some four miles distant from the asylum and infirmary, if he is obliged to hire carriages at current rates, his expenses in these cases will be more than his fees allowed by law; that a hardship is thus imposed which it is unreasonable that the officer should bear. It is a sufficient answer to say that such charge and payment are not authorized by law.

The system of compensation by fees to the officer has little to commend it, so far as the public is concerned, and is demoralizing to the officer. One vice of the system is, that it places a constant temptation upon

the officer to charge and get the last cent possible in the conduct of his office, for the services he is required to render. If, however, the officer will bear in mind the fact that he is a public servant, who has voluntarily assumed to do all that the law requires of him, for such compensation only as the law provides, the taxing of fees becomes a very simple thing indeed. With possibly a few exceptions, the legal compensation allowable for specific services of county officials receiving fees, is as certain and specific as are the services required. No expert fee clerk (and this officer is always an expert) who is honestly informed of the work done by the officer, need hesitate a moment in determining the proper charge, if he is as jealous of the rights of the public as he is of his employer's interests; for he knows that when no fee is prescribed by law, no charge can be made.

It is time we had, in every county of the state, a fearless enforcement of section 6909 of the Revised Statutes, which makes it a misdemeanor, punishable by fine or imprisonment, for any officer to knowingly charge, ask, demand or receive any more or greater fees or costs than are allowed by law for the performance of official duty. Few officers would then, from either carelessness or greed for increased emoluments of office, charge illegal fees as against the private suitor or the state, at the risk of a conviction which would carry with it, not only a fine or imprisonment or both, but also the absolute forfeiture of his office by order of court, rendering him incapable of holding for seven years thereafter, any office of honor, profit, or trust in this state.

The laws are ample for the protection of both the people and their servants. If it is once understood that the penalties against official extortion may follow the offense, extortion will cease.

The demurrer of the defendant will be sustained to each item of the account, except the charge for attending before court. As to that item, the demurrer is overruled.

King &Tracy, for plaintiff.

J. A. Barber, for defendant.